IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| GLENN WIGGINS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 125-285 |
| | ) | |
| BRIDECREST ACCEPTANCE | ) | |
| CORPORATION, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**O R D E R**

After a careful, *de novo* review of the file, the Court concurs with the Magistrate Judge's Report and Recommendation, to which objections have been filed. (Doc. no. 15.) In this case naming multiple corporate and individual Defendants arising from a car loan agreement into which Plaintiff allegedly fraudulently entered, Plaintiff claims Defendants are engaged in a "RICO Enterprise" to defraud him and other consumers in violation of various statutes, and he seeks permission to proceed *in forma pauperis* ("IFP"). (See doc. no. 4, 12.) After giving Plaintiff a chance to submit a second IFP motion with "current, accurate, and complete financial information," (doc. no. 10, p. 2), the Magistrate Judge recommended denying the second IFP motion based on an extensive review of Plaintiff's financial information, including "an annual income of approximately $66,000, three vehicles valued as much as $65,000 in total, unexplained discrepancies in total monthly expenses . . . and available discretionary income," (doc. no. 13, p. 3). Plaintiff objects, arguing he was confused

by the straightforward IFP form and contending discrepancies between the original and renewed motion were nothing more than his attempt to provide the complete information required by the Court. (See doc. no. 15.)

The Magistrate Judge carefully analyzed the information presented in a detailed fashion and concluded Plaintiff's nearly $66,000 annual income used to support a family of four provided sufficient resources to pay the filing fee. (See doc. no. 13.) First, Plaintiff's efforts to explain the discrepancies between the first and second IFP motions as an attempt to provide the updated expenses for his entire household that were not listed in the first IFP motion do not explain away the discrepancies identified *within* the second IFP motion. In particular, the Magistrate Judge explained Plaintiff provided inconsistent years for his employment history, and Plaintiff provided inconsistent information about the Dodge Charger. (Id. at 1-2.)

But even if the Court ignored these inconsistencies within the renewed IFP form, the Court further recognizes that there are glaring discrepancies between the renewed IFP motion filed in the above-captioned case and the renewed IFP motion Plaintiff submitted in a case he commenced merely less than two weeks after the instant case, see Wiggins v. Bank of Am., N.A., CV 125-293 (Dec. 5, 2025). Notably, Plaintiff executed the renewed IFP motion in the case *sub judice* on December 19, 2025, (doc. no. 12, p. 8), and the renewed IFP motion in CV 125-293 on December 15, 2025, see CV 125-293, doc. no. 7, p. 8. Yet, the completed forms differ in substantial ways. For example, in this case, Plaintiff values the Dodge Charger at $30,000, (doc. no. 12, p. 11), and in CV 125-293, he simultaneously values it at $20,000 and $40,000 in separate sections of his IFP motion, see CV 125-293, doc. no. 7, pp. 5, 11. Further, many of Plaintiff's listed monthly expenses differ between the two cases. For instance, Plaintiff states he pays $1,800 monthly for rent or home mortgage in this case, (doc. no. 12,

2

pp. 6, 12), but in CV 125-293, he claims he pays $100 for this monthly expense in the typed portion of the form and $1,750 in the handwritten portion of the form, CV 125-293, doc. no. 7, pp. 6, 12. He also claims $350 in medical and dental expenses in this case, (doc. no. 12, p. 12), but $1,000 in CV 125-293, see CV 125-293, doc. no. 7, p. 12.

For these reasons, Plaintiff's professed confusion about a five-page IFP form rings hollow as an explanation for providing inconsistent information within a single document and across his recently filed cases. Plaintiff has had ample opportunity to file an IFP motion with complete and accurate financial information. Even disregarding the changes between the first and second IFP motions, Plaintiff has no logical explanation for the discrepancies identified by the Magistrate Judge within the second IFP motion or the inconsistencies identified by the undersigned in the case *sub judice* and CV 125-293. Nor does he provide an explanation showing he is entitled to proceed IFP or pay the filing fee in installments. Thus, because the Court continues to lack complete, accurate information about Plaintiff's finances, his objections are unavailing.

Accordingly, the Court **OVERRULES** Plaintiff's objections, **ADOPTS** the Report and Recommendation of the Magistrate Judge as its opinion, as supplemented herein, and **DENIES** Plaintiff's second motion to proceed IFP. (Doc. no. 12.) In accordance with Local Rule 4.2, Plaintiff shall have twenty-one calendar days from the date of service of this Order to pay the $405.00 filing fee. Should Plaintiff fail to make timely payment, the Court **DIRECTS** the **CLERK** to dismiss the case without prejudice and close this civil action on the twenty-fifth day after the date of service of this Order that the Clerk of Court is open for business.[1] Of

---

[1] In accordance with Federal Rule of Civil Procedure 6(d), three days are added to the deadline because the Clerk of Court serves *pro se* Plaintiff by United States mail. Therefore, the twenty-one-day

course, should Plaintiff pay the $405.00 filing fee, the case will proceed in the normal course of business. Should Plaintiff not pay the $405.00 but file any other motion prior to the filing fee deadline, the Clerk shall take no action with respect to dismissing the case until further Order of the Court.

SO ORDERED this _____5th_____ day of March, 2026, at Augusta, Georgia.

_____
HONORABLE J. RANDAL HALL
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF GEORGIA

---

deadline becomes a twenty-four day-deadline. If the deadline falls on a Saturday, Sunday, or legal holiday, the deadline moves to the next day that is not a Saturday, Sunday, or legal holiday. Fed. R. Civ. P. 6(a)(1)(C).

4